UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE RAY MCKINLEY,<br><br>              Petitioner,<br><br>      v.<br><br>LARRY SMALL, Warden,<br><br>              Respondent. | Case No. EDCV 10-845-VBF (OP)<br><br>ORDER TO SHOW CAUSE RE:<br>DISMISSAL OF PETITION FOR WRIT<br>OF HABEAS CORPUS BY A PERSON<br>IN STATE CUSTODY (28 U.S.C. §<br>2254) |

**I.**

**PROCEEDINGS**

On May 19, 2010, Donnie Ray McKinley ("Petitioner"), filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") in the United States District Court for the Southern District of California.  On June 3, 2010, the Petitioner was ordered transferred to this District.  On June 8, 2010, the Petition was formally filed in this District.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the current Petition and finds that it plainly appears from its face that Petitioner is not entitled to relief in the district court.  Specifically, the Court finds that the Petition is subject to summary dismissal as untimely and fails to state a claim for federal habeas corpus relief.

## II.

## __PROCEDURAL HISTORY__

On November 18, 1996, Petitioner was convicted after a jury trial in the Riverside County Superior Court of murder (Cal. Penal Code § 187), assault (Cal. Penal Code §§ 242, 245(a)(1)), attempted robbery (Cal. Penal Code §§ 664/211), and five additional offenses.  (Pet. at 1, 2.)  On January 17, 1997, Petitioner was sentenced to an indeterminate state prison term of life without the possibility of parole and a determinate term of nineteen years.  (Id. at 2, Ex. C.)

Petitioner appealed his conviction to the California Court of Appeal.  On May 14, 1998, the court of appeal modified in part but otherwise affirmed the judgment.  (Id.; Official Records of California Courts.[1])

Petitioner filed a petition for review in the California Supreme Court, case number S071143.  On August 12, 1998, the supreme court denied the petition. (Id.; Official Records of California Courts.)

Petitioner filed a habeas corpus petition in the Riverside County Superior Court.  On November 14, 2006, the superior court denied the petition.  (Id. at 3.)

On February 28, 2007, Petitioner filed a habeas corpus petition in the California Court of Appeal, case number E042461.  On March 8, 2007, the court of appeal denied the petition.  (Id. at 4; Official Records of California Courts.)

On March 21, 2007, Petitioner filed a petition for review in the California Supreme Court, case number S151105.  On May 9, 2007, the supreme court denied the petition. (Id. at 4; Official Records of California Courts.)

On September 11, 2009, Petitioner filed a habeas corpus petition in the

---

[1]  The Court takes judicial notice of the state appellate court records for Petitioner's cases, which are available on the Internet at http://appellatecases. courtinfo.ca.gov.  See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

1  California Supreme Court, case number S176227.  On February 18, 2010, the

2  supreme court denied the petition.  (Id. at 6; Official Records of California Courts.)

### III.

### PETITIONER'S CLAIMS

5       Petitioner raises two claims for habeas corpus relief, both based on the

6  alleged inaccuracy of the original abstract of judgment issued in 1997, and the two

7  amended abstracts of judgment issued in 1998 and 2001.  (Pet. at unnumbered pp.

8  6, 19.)  According to Petitioner, he did not become aware of the relevant facts until

9  September of 2008.  (Id. at unnumbered pg. 14, Ex. 2.)

### IV.

### DISCUSSION

12  **A.    Standard of Review.**

13       This Court may entertain a habeas application on behalf of a person who is

14  in custody pursuant to a state court judgment and in violation of the Constitution,

15  laws, or treaties of the United States.  See 28 U.S.C. § 2254(a).  The Court need

16  neither grant the writ nor order a return if it appears from the application that the

17  applicant is not entitled to relief.  See 28 U.S.C. § 2243.  "If it plainly appears from

18  the face of the petition and any exhibits annexed to it that the petitioner is not

19  entitled to relief in the district court, the judge must dismiss the petition and direct

20  the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254

21  Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also Hendricks

22  v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate

23  where the allegations in the petition are vague or conclusory, palpably incredible,

24  or patently frivolous or false).  Further, the Court has the authority to raise the

25  statute of limitations issue *sua sponte* and to dismiss the petition on those grounds.

26  Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).  However, that authority

27  should only be exercised after a petitioner is provided with adequate notice and an

28  opportunity to respond.  Id.

**B.      The Petition Was Not Filed Within the Limitation Period.**

The current Petition was filed after the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law and is, thus, subject to the AEDPA's one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d).  See Calderon v. U. S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[2]  In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

As discussed above, Petitioner was convicted in November 1996 and was sentenced on January 17, 1997.  (Pet. at 1, 2.)  The California Court of Appeal modified in part and affirmed the judgment on May 14, 1998.  (Id. at 3.)  The California Supreme Court denied the petition for review on August 12, 1998.  (Id.)  Petitioner did not seek review with the United States Supreme Court, therefore, for purposes of the AEDPA's limitation period, his judgment of conviction became final ninety days later, on November 10, 1998.  See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (the period of "direct review" in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for writ of certiorari with the United States Supreme Court).  The AEDPA's one-year statute of limitations period started to run the next day, on November 11, 1998, and ended November 11, 1999.  28 U.S.C. § 2244(d)(1)(A); see also Patterson v. Stewart, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the statute of limitations begins to run on the day following the day of the triggering event pursuant to Fed. R. Civ. P. 6(a)).  Petitioner did not constructively file the current Petition until May 19, 2010, over ten and one half years after the statute of limitations had run.  Thus, unless Petitioner is entitled to statutory or equitable tolling or an alternate start date to the

---

[2] Beeler was overruled on other grounds in Calderon v. U. S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

1  AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), it appears that the

2  current Petition is untimely.

3  **1.    Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. §**

4  **2244(d)(2).**

5  Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a

6  properly filed application for State post-conviction or other collateral review with

7  respect to the pertinent judgment or claim is pending shall not be counted toward

8  any period of limitation under this subsection." Patterson, 251 F.3d at 1247.

9  The United States Supreme Court has held the statute of limitations is tolled

10 where a petitioner is properly pursuing post-conviction relief. Carey v. Saffold,

11 536 U.S. 214, 219-21, 122 S. Ct. 2134, 2137-39, 153 L. Ed. 2d 260 (2002). The

12 period tolled includes the intervals between one state court's disposition of a

13 habeas petition and the filing of a habeas petition at the next level of the state court

14 system. Id. In Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), the Ninth

15 Circuit held that "the statute of limitations is tolled from the time the first state

16 habeas petition is filed until the California Supreme Court rejects the petitioner's

17 final collateral challenge." Claims denied as untimely or determined by the federal

18 courts to have been untimely in state court will not satisfy the requirements for

19 statutory tolling. Evans v. Chavis, 546 U.S. 189, 192-93, 126 S. Ct. 846, 163 L.

20 Ed. 2d 684 (2006) (citing Carey, 536 U.S. at 222-23).[3]

21 _____

22  [3] The Court in Evans held that a California Supreme Court order silent on

23 the grounds for the court's decision is not equivalent to a holding that the filing
   was timely. Evans, 546 U.S. at 197-98. Thus, in the absence of clear direction or

24 explanation from the California Supreme Court about the meaning of the term

25 "reasonable time" (in which to file a habeas petition), or clear indication that a

26 particular request for appellate review was timely or untimely, the federal court

27 must itself examine the delay in each case and determine what the state courts
   would have held with respect to timeliness. Id. at 198. That is, "the federal court

28                                                                              (continued...)

1    As set forth above, Petitioner's limitation period ended on November 11,

2  1999.  Petitioner did not file his state habeas petition in the Riverside County

3  Superior Court until 2006, and it was denied on November 14, 2006.  (Pet. at 3.)

4  Statutory tolling is unavailable where, as here, this habeas petition was filed well

5  after the limitation period expired.  Section 2244(d) does not permit the reinitiation

6  of the AEDPA limitations period that has ended before a state habeas petition is

7  filed.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that §

8  2244(d) "does not permit the reinitiation of the limitations period that has ended

9  before the state petition was filed," even if the state petition was timely filed); see

10  also Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington,

11  264 F.3d 894, 898-99 (9th Cir. 2001).  For the same reason, Petitioner is not

12  entitled to statutory tolling for any of his remaining habeas petitions filed in the

13  California Court of Appeal or in the California Supreme Court.

14    Since Petitioner filed his state habeas petition well after the AEDPA

15  limitation expired, he may not avail himself of statutory tolling to render the

16  current Petition timely.  Thus, absent equitable tolling or an alternate start date for

17  the statute of limitations, it appears that the current Petition is untimely.

18    **2.    Equitable Tolling.**

19    The one-year limitation period is subject to equitable tolling if a petitioner

20  demonstrates: "'(1) that he has been pursuing his rights diligently, and (2) that

21  some extraordinary circumstance stood in his way' and prevented timely filing."

22  Holland v. Florida, No. 09-5327, --- S. Ct. ---, 2010 WL 2346549, at *12 (U.S.

23  June 14, 2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807,

24  161 L. Ed. 2d 669 (2005)).  A petitioner bears the burden of alleging facts that

25  _____

26    [3](...continued)

27  must decide whether the filing of the request for state-court appellate review (in
   state collateral review proceedings) was made within what California would

28  consider a 'reasonable time.'"  Id.

1 would give rise to tolling.  Pace, 544 U.S. at 418.  "[T]he threshold necessary to

2 trigger equitable tolling under [the] AEDPA is very high, lest the exceptions

3 swallow the rule."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002)

4 (internal quotation marks and citation omitted).  This high bar is necessary to

5 effectuate the "AEDPA's statutory purpose of encouraging prompt filings in

6 federal court in order to protect the federal system from being forced to hear stale

7 claims."  Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal quotation

8 marks and citation omitted).  Equitable tolling determinations are "highly

9 fact-dependent."  Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en

10 banc) (per curiam); accord Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002)

11 (observing that equitable tolling determinations "turn[ ] on an examination of

12 detailed facts").  The face of the Petition does not set forth any facts showing that

13 Petitioner is entitled to equitable tolling.

14         **3.**      **Alternate Start of the Statute of Limitations.**

15             **a.**      **State-Created Impediment.**

16      In rare instances, AEDPA provides that its one-year limitations period shall

17 run from "the date on which the impediment of filing an application created by

18 State action in violation of the Constitution or laws of the United States is

19 removed, if the applicant was prevented from filing by such State action."  28

20 U.S.C. § 2244(d)(1)(B).  Asserting that the statute of limitations was delayed by a

21 state-created impediment requires a showing of a due process violation.  Lott, 304

22 F.3d at 925.  The face of the Petition does not set forth any facts showing that

23 Petitioner is entitled to relief under this provision.

24             **b.**      **Newly Recognized Constitutional Right.**

25      The AEDPA also provides that, if a claim is based upon a constitutional

26 right that is newly recognized and applied retroactively to habeas cases by the

27 United States Supreme Court, the one-year limitations period begins to run on the

28 date which the new right was initially recognized by the United States Supreme

1 | Court.  28 U.S.C. § 2244(d)(1)(C).  The face of the Petition does not set forth any

2 | facts showing that Petitioner is entitled to relief under this provision.

3 |                  **c.**       **Discovery of Factual Predicate.**

4 |        The AEDPA further provides that, in certain cases, its one-year limitations

5 | period shall run from "the date on which the factual predicate of the claim or

6 | claims presented could have been discovered through the exercise of due

7 | diligence."  28 U.S.C. § 2244(d)(1)(D).  The face of the Petition does not set forth

8 | any facts showing that Petitioner is entitled to relief under this provision.

9 | **C.**       **Petitioner Fails to State a Cognizable Claim for Habeas Corpus Relief.**

10 |        Petitioner raises two claims for habeas corpus relief, both based on the

11 | alleged inaccuracy of the original abstract of judgment issued in 1997, and the two

12 | amended abstracts of judgment issued in 1998 and 2001.  (Pet. at unnumbered pp.

13 | 6, 19.)

14 |        Preliminarily, federal habeas relief is not available for an alleged error in the

15 | interpretation or application of state law.  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68,

16 | 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) (reiterating that "it is not the province of

17 | a federal habeas court to reexamine state-court determinations on state-law

18 | questions").  Sentencing error claims involve solely the interpretation and/or

19 | application of state sentencing law and are not cognizable on federal habeas

20 | review.  <u>See, e.g.</u>, <u>Brown v. Mayle</u>, 283 F.3d 1019, 1040 (9th Cir. 2002), <u>vacated</u>

21 | <u>on other grounds by</u> <u>Mayle v. Brown</u>, 538 U.S. 901, 123 S. Ct. 1509, 155 L. Ed. 2d

22 | 220 (2003); <u>Christian v. Rhode</u>, 41 F.3d 461, 469 (9th Cir. 1994); <u>Cacoperdo v.</u>

23 | <u>Demosthenes</u>, 37 F.3d 504, 507 (9th Cir. 1994); <u>Hendricks v. Zenon</u>, 993 F.2d 664,

24 | 674 (9th Cir. 1993).  Further, any errors in the original or amended abstracts of

25 | judgment must be addressed by the superior court.  <u>People v. Mitchell</u>, 26 Cal. 4th

26 | 181, 185 (2001) ("Courts may correct clerical errors at any time, and appellate

27 | courts (including this one) that have properly assumed jurisdiction of cases have

28 | ordered correction of abstracts of judgment that did not accurately reflect the oral

1   judgments of sentencing courts."); In re Candelario, 3 Cal. 3d 702, 705 (1970)

2   (court may correct clerical error unless the record clearly demonstrates that the

3   error was the result of the exercise of judicial discretion).

4          Based on the foregoing, it appears that Petitioner's remedy lies with the

5   Riverside County Superior Court.  Thus, habeas relief does not appear warranted

6   on these claims.

7                                             **V.**

8                                          **ORDER**

9          Based upon the foregoing, the Court finds that the face of the Petition

10   indicates that it is untimely.  Further, it appears that the Petition fails to state a

11   claim for federal habeas corpus relief.  Accordingly, Petitioner is ordered to show

12   cause why the Petition should not be dismissed as untimely or for failure to state a

13   claim for relief by filing a response within thirty (30) days of the date of this Order.

14   In the response to this Order to Show Cause ("OSC"), Petitioner shall make clear

15   the dates on which any state habeas petition was filed and shall, if possible, attach

16   copies of any state petition (showing that it was filed) and copies of the state

17   court's decision addressing each petition.  All facts relied upon by Petitioner must

18   be proved by testimony contained in a declaration signed under penalty of perjury

19   pursuant to 28 U.S.C. § 1746, or in properly authenticated documents.  Petitioner

20   must describe specifically the nature and duration of any extraordinary

21   circumstances and their consequences in a declaration signed by him under penalty

22   of perjury.  Petitioner shall also include with his response properly authenticated

23   prison records or documents which demonstrate any circumstance which Petitioner

24   believes impeded his ability to timely file the current Petition.

25   ///

26   ///

27

28

1   Failure to comply with these requirements may result in the dismissal of this

2   action for failure to prosecute and/or failure to comply with a court order.  Failure

3   to remedy the deficiencies discussed may also result in a recommendation that the

4   action be dismissed.

5

6   **IT IS SO ORDERED.**

7

8   DATED: June 21, 2010

    HONORABLE OSWALD PARADA
9   United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28